IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHELTER GENERAL INS. CO.,

 Plaintiff,

v.                                                              No. 1:20-cv-01250-STA-jay

B.W. COBB AND SONS FARMS, INC.,
KNIGHT FARMS, LLC, and JILL AVERITT,
as surviving spouse, and wrongful death
beneficiary of NOAH AVERITT, deceased,
individually and on behalf of the wrongful death
beneficiaries of NOAH AVERITT,

 Defendants,

B.W. COBB AND SONS FARMS, INC.,

 Counter Claimant,

v.

SHELTER GENERAL INS. CO.,

 Counter-Defendant,

B.W. COBB AND SONS FARMS, INC.,

 Cross-Claimant,

v.

KNIGHT FARMS, LLC,

 Cross-Defendant,

B.W. COBB AND SONS FARMS, INC.,

 Third-Party Plaintiff,

v.

ANTHONY MARK ANDERSON,
Individually, and as Agent for
Shelter General Ins. Co.,

 Third-Party Defendant.

# ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION
# FOR JUDGMENT ON THE PLEADINGS

Third-Party Defendant Anthony Mark Anderson has moved for judgment on the pleadings as to the third-party complaint filed by B.W. Cobb and Sons Farms, Inc. ("B.W. Cobb") pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 60.)  B.W. Cobb has filed a response to the motion (ECF No. 66), and Anderson has filed a reply to the response.  (ECF No. 69.)  For the reasons set forth below, the motion is **GRANTED**.

## Standard of Review

A party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c).  The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The district court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

In ruling on a motion for judgment on the pleadings, a trial court may consider the pleadings (including any attachments) and may also consider matters of public record without converting the motion to one for summary judgment. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); *see also Davis v. City of Memphis Fire Dep't*, 940 F. Supp. 2d 786, 801 (W.D. Tenn. 2013) ("The court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice.") Additionally, documents that a defendant attaches to a motion to dismiss/motion for judgment on the pleadings "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Weiner v. Klais & Co., Inc*, 108 F.3d 86, 89 (6th Cir. 1997), abrogated on other grounds by *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002)).

As an initial matter, the Court must decide if it can consider the affidavit of Berkley Cobb Jr.,[1] and the attachments submitted with his affidavit in support of his response to the motion for judgment on the pleadings. (ECF No. 66-1.) Anderson objects to the affidavit and attachments as an improper attempt to fill in the details of the third-party complaint, and the Court partially agrees. The affidavit and some of the attachments, as specified below, are neither part of the pleadings nor are they matters of which the Court may take judicial notice. Therefore, the Court has not considered those documents in making its ruling.

Background

The present action arises out of a wrongful death case currently being litigated in state court. Noah Averitt ("the decedent") was driving a semi-tractor towing a trailer when he ran off the road and into the median on Interstate 55 in Illinois and was killed. Jill Averitt, the decedent's widow, filed a wrongful death claim against the decedent's purported employers, Knight Farms,

---

[1] "B.W. Cobb" is used in this order to mean the entity, while "Berkley Cobb" or "Cobb" are used to mean the individual.

LLC and B.W. Cobb. Shelter General Insurance Company agreed to defend Knight Farms and B.W. Cobb under a reservation of rights.

Shelter Insurance then filed this action seeking a declaratory judgment that the insurance policies it issued to Knight Farms and additional insured Berkley Cobb do not afford coverage to B.W. Cobb because the corporate entity B.W. Cobb was not an insured under the policies.[2] Shelter Insurance also alleges that even, if B.W. Cobb were an insured, it still owes no coverage because the underlying incident falls within a policy exclusion that excludes coverage for injuries to employees of the insureds arising while in the course and scope of their employment or while performing duties related to the conduct of the business of the insureds. Shelter Insurance also alleges that it owes no coverage due to material misrepresentations made in the insurance application by Knight Farms.

On January 31, 2021, B.W. Cobb filed a counterclaim against Shelter Insurance, a cross-claim against Knight Farms, and a third-party complaint against Anderson. (ECF No. 29.) The third-party complaint alleges that the relationship between B.W. Cobb and Knight Farms was governed by a contract titled "Lease Agreement No. 001" executed on March 21, 2019. It is further alleged that, pursuant to the lease agreement, B.W. Cobb leased to Knight Farms certain trucking equipment, including the tractor and trailer that the decedent was driving on the day of his accident. B.W. Cobb acknowledges that it was responsible for paying for insurance on the trucking equipment and, thus, provided Knight Farms the vehicle identification numbers of the tractors and trailers and the drivers' license information to give to the insurance carrier.

B.W. Cobb claims that Anderson committed professional negligence by failing to name B.W. Cobb as an additional insured (instead of the individual Berkley Cobb) and that Anderson should have advised B.W. Cobb of needed additional coverages, i.e., accidental death or worker's compensation coverage, that B.W. Cobb contends would have resulted in coverage for the

---

[2] It is undisputed that Berkley Cobb, the individual, and not B.W. Cobb, the entity, is listed on the insurance policy as an "additional insured," i.e., "additional" to Knight Farms which was the "named insured."

underlying wrongful death case. B.W. Cobb maintains that, if the Shelter Insurance policies do not provide it coverage against the claims asserted by Jill Averitt in the state court case, then any damages awarded against it should be adjudged against Anderson.

Analysis

Anderson argues that B.W. Cobb's claim for negligence fails to state a claim upon which relief can be granted and he should be granted judgment on the pleadings because B.W. Cobb was not incorporated until December 2, 2019 — nearly nine months after the execution of the purported lease agreement between it and Knight Farms; three months after the accident in the underlying lawsuit giving rise to this coverage dispute; and three months after the insurance policies had expired.[3] Anderson reasons that he could not have been negligent when he did not add B.W. Cobb as an insured because B.W. Cobb did not exist as a corporate entity during the policy period and failing to add a nonexistent corporation as an insured does not constitute negligence.

Anderson correctly points out that corporations are creatures of state law, *see Athlon Sports Communs., Inc. v. Duggan*, 549 S.W.3d 107, 117 (Tenn. 2018), and, in Tennessee, "[c]orporate existence begins when the charter is filed by the secretary of state." Tenn. Code Ann. § 48-12-103. Therefore, failing to add B.W. Cobb, a non-existent corporation, as an insured on the insurance policies at issue here does not amount to negligence on the part of Anderson because there was no duty on the part of Anderson to add a non-existent corporation as an insured on the insurance policy. Furthermore, because B.W. Cobb did not exist at the time Anderson procured the insurance policies or at any time during the policy period, it did not have an insurable interest in the trucking equipment. *See Duncan v. State Farm Fire & Cas. Co.*, 587 S.W.2d 375, 376 (Tenn. 1979) (emphasizing the importance of the insurable interest requirement under Tennessee law); *see also* Tenn. Code Ann. § 56-7-101 ("A contract of insurance is an agreement by which one party, for a consideration, promises to pay money or its equivalent, or to do some act of value to the assured,

---

[3] Berkley Cobb contends that he did not learn that the corporate charter for B. W. Cobb had not been received or filed with the state of Tennessee until after the accident.

upon the destruction or injury, loss or damage of something in which the other party has an insurable interest….).

B.W. Cobb has responded with the affidavit of Berkley Cobb and supporting documents stating that Shelter General Insurance Company, Anderson, Knight Farms, and B.W. Cobb all dealt with B.W. Cobb as a corporation during the matters at issue in this case and, therefore, B.W. Cobb should be considered to have been a corporation.  (ECF No. 66-1.) Based on these documents, B.W. Cobb contends that the motion should be converted to one for summary judgment and that it should be allowed discovery before the Court's ruling.  The supporting documents that B.W. Cobb has attached to Berkley Cobb's affidavit are as follows:  Exhibit A (assignment of EIN from Department of the Treasury, Internal Revenue Service); Exhibit B (unfiled application for Charter, For-Profit Corporation with handwritten notations on the exhibit); Exhibit C (Report to Determine Status Application for Employee Number); Exhibit D (Account Number Assignment from Tennessee Department of Labor & Workplace Development); Exhibit E (screenshots of text exchanges and blank checks); F (computer generated list of expenses); and Exhibit F (computer generated list of expenses).

Anderson objects to the Court's consideration of these documents and points to well-established case law that a party may not "submit matters outside the pleadings, such as an affidavit, to defeat a motion to dismiss." *Knowles v. Chase Home Fin., LLC*, 2012 WL 13018539, at *9 (W.D. Tenn. Aug. 2, 2012); *see also Key v. Metro Nashville Police Dep't*, 2021 WL 809686, at *4 (M.D. Tenn. Mar. 3, 2021), rep. & rec. adopted, 2021 WL 1907822 (M.D. Tenn. May 12, 2021).

As this Court noted previously, in ruling on a motion for judgment on the pleadings, a trial court may consider the pleadings and any attachments to the pleadings and matters of public record without converting the motion to one for summary judgment. *See Commercial Money Ctr., Inc.*, 508 F.3d at 336. That is, the court can consider: "(1) any documents attached to, incorporated by,

or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Davis*, 940 F. Supp. 2d at 801.

The Court finds that it is precluded from considering Cobb's affidavit because it does not fit any of the categories of documents that a court may consider when ruling on a motion for judgment on the pleadings. Additionally, the Court will not consider the attachments to the Cobb affidavit that are not a matter of public record. Accordingly, the Court will not consider Cobb's affidavit or Exhibits B (unfiled application for Charter, For-Profit Corporation with handwritten notations on the exhibit), E (screenshots of text exchanges and blank checks), and F (computer generated list of expenses) in deciding this motion. However, because they are matters of public record, the Court will consider Exhibits A (assignment of EIN from Department of the Treasury, Internal Revenue Service), C (Report to Determine Status Application for Employee Number), and D (Account Number Assignment from Tennessee Department of Labor & Workplace Development) in analyzing B.W. Cobb's argument that it should be considered to have been a corporate entity during the life of the insurance policy under the doctrine of de facto incorporation.

The Court is not persuaded by the arguments of B.W. Cobb and, instead, agrees with the position of Anderson that the concepts of de facto incorporation and corporation by estoppel were abolished in Tennessee in *Thompson & Green Mach. Co. v. Music City Lumber Co.*, 683 S.W.2d 340, 344-45 (Tenn. Ct. App. 1984), and *Thompson* has not been overruled by a Tennessee Court of Appeals or by the Tennessee Supreme Court.

As explained in *Evans v. Holland*, 1989 WL 25602, at *2 (Tenn. Ct. App. Mar. 22, 1989):

> Prior to the enactment of the Tennessee General Corporation Act of 1968, the courts in Tennessee recognized the concepts of de facto corporations and

corporations by estoppel. In *Ingle System Co. v. Norris & Hall*, 132 Tenn. 472, 178 S.W. 1113 (1915), the Tennessee Supreme Court said:

> When a private person enters into a contract with a body purporting to be a corporation, in which that body is described by the corporate name which it has assumed, such private person thereby admits the existence of the corporation for the purposes of the suit brought to enforce the obligations, and will not be permitted to deny the corporate existence of the plaintiff.

132 Tenn. at 474, 178 S.W. at 1114.

> The rule changed after 1968. In *Thompson & Green Machinery Co., Inc. v. Music City Lumber Co., Inc.*, 683 S.W.2d 340 (Tenn. Ct. App. 1984), this court held that the passage of the Tennessee General Corporation Act of 1968 abolished the concepts of de facto corporations and corporations by estoppel. Thus, in *Thompson*, a person who signed an agreement on behalf of a corporation a day before the date of incorporation was held personally liable on the agreement. [When] no de jure corporation existed, Tenn. Code Ann. § 48-1-1405 made the individuals conducting the business as a corporation liable for all the debts and liabilities incurred in the business.

*Evans*, 1989 WL 25602, at *2.[4]  *See also Woodroffe v. Woodroffe*, 742 N.W.2d 94, 104 (Iowa 2007) (citing *Thompson* in a survey of case law from different jurisdictions for the proposition that there is "disfavor toward the doctrines of de facto corporation and corporation by estoppel . . . with the approach of most other jurisdictions with statutes patterned after the MBCA").

B.W. Cobb acknowledges that *Thompson* has not been overruled by the Tennessee courts. However, B.W. Cobb points to comments in the 2007 Model Business Corporation Act and extrapolates that *Thompson* is no longer good law because "after the ruling [in *Thompson*], an updated version of the Model Business Corporation Act ("MBCA") was published, and adopted in Tennessee, which reconsiders and steps back from the hardline rule against de facto incorporation." (Resp. p. 11, ECF No. 66.)  Even if B. W. Cobb is correct in its argument that the

---

[4] Section 48–1–1405 is now codified at § 48–12–104 and provides as follows:

> All persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under chapters 11–27 of this title, are jointly and severally liable for all liabilities created while so acting except for any liability to any person who knew or reasonably should have known that there was no incorporation.

8

MBCA has "reconsidered" and "stepped back" from disfavoring the doctrine of de facto incorporation, Tennessee courts have not done so.

In determining the scope of Tennessee law, decisions of the Supreme Court of Tennessee and the Tennessee Court of Appeals control. *See Lukas v. McPeak*, 730 F.3d 635, 637-38 (6th Cir. 2013). Such decisions are "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* at 638 (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940))[5]; *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) ("We generally apply the substantive law of the forum state to actions brought pursuant to our diversity jurisdiction.") (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "In applying state law, we anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *NUFIC of Pittsburgh v. Alticor, Inc.*, 472 F.3d 436, 438 (6th Cir. 2007) (citation omitted)).

If the state supreme court has not conclusively decided the issue, as in this case, a federal court looks to the decisions of the state's appellate courts. "In anticipating how the state supreme court would rule, 'we look to the decisions of the state's intermediate courts unless we are convinced that the state supreme court would decide the issue differently.'" *Appalachian Railcar Servs., Inc. v. Boatright Enterprises, Inc.*, 602 F. Supp. 2d 829, 847 (W.D. Mich. 2008) (citing *United States v. Lancaster*, 501 F.3d 673, 679 n. 3 (6th Cir. 2007)). B. W. Cobb has not "convinced" this Court that the Tennessee Supreme Court would decide the issue differently than the Court of Appeals did in *Thompson*, and, therefore, the Court finds that it is bound by the ruling in *Thompson* that the doctrines of de facto incorporation and corporations by estoppel have been abolished in Tennessee.

---

[5] The *West* Court explained that "[a] state is not without law save as its highest court has declared it. There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances the federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court ...." *West*, 311 U.S. at 236–37.

Moreover, Tenn. Code Ann. § 48-12-103, which governs when corporate existence begins, provides:

> (a) Unless a delayed effective date is specified, the corporate existence begins when the charter is filed by the secretary of state.
>
> (b) The secretary of state's filing of the charter is conclusive proof that the incorporators satisfied all conditions precedent to incorporation except in a proceeding by the state to cancel or revoke the incorporation or involuntarily dissolve the corporation.

Thus, a corporation in Tennessee does not exist as a matter of law until such time as the charter is filed by the Secretary of State. "If a shareholder is concerned on this score, he need only ascertain whether the Secretary of State has issued a certificate of incorporation or accepted the articles of incorporation for filing." 1 *Closely Held Corporations* 2.10[D] (2020). In the present case, there is no evidence of any steps taken to insure that "the Secretary of State ha[d] issued a certificate of incorporation or accepted the articles of incorporation for filing."

Berkley Cobb claims that he mailed the paperwork that his accountant had prepared but does not assert that he ever followed up to ensure that it was properly filed. Moreover, the Tennessee Secretary of State records show that annual reports were never filed as required under Tenn. Code Ann. § 48-26-203. (ECF No. 69-1.) For de facto corporate status, there must have been a "bona fide effort to comply with the provisions of law" governing incorporation. *See Paper Prods. Co. v. Doggrell*, 195 Tenn. 581, 590, 261 S.W.2d 127, 131 (1953) (quoting *Cunnyngham v. Shelby*, 136 Tenn. 176, 181-82, 188 S.W. 1147, 1149 (1916)). Even taking Berkley Cobb's factual averments as true, he has failed to establish that he made a good faith effort to comply with the mandatory state filing requirements. Therefore, even if the doctrine had not been abolished, B.W. Cobb has not shown that it took the necessary steps to establish de facto incorporation.

The Court finds Anderson's motion to be meritorious because an insurance agent's failing to add a nonexistent corporation as an insured does not constitute negligence as a matter of law. Accordingly, Anthony Mark Anderson's motion for judgment on the pleadings as to the third-party complaint filed by B.W. Cobb and Sons Farms, Inc. is **GRANTED**.[6]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. Thomas Anderson
Chief United States District Judge

Date:  March 31, 2022.

---

[6] Because the Court has granted the motion on this ground, there is no need for it to address Anderson's argument that he cannot be held liable for not obtaining the proper insurance for B.W. Cobb because he was not informed as to the type of insurance that B.W. Cobb required.